UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAHIEN JAMAICA DUHART,

       Plaintiff,

v.                                                 Case No. 3:18-cv-677-J-32JRK

CITY OF JACKSONVILLE, et al.,

       Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, a pretrial detainee at the Duval County Jail, initiated this case by filing a pro se Civil Rights Complaint (Doc. 1). He also filed a request to proceed <u>in forma pauperis</u> (Doc. 2). Plaintiff names as Defendants the City of Jacksonville; the Office of the State Attorney; Chase Harris, an assistant state attorney; and Mayor Lenny Curry. He lists his claims as "cruel and usual punishment[,] deprived of liberty[,] racial discrimination, false imprisonment[,] and] pain and suffering." Plaintiff's factual allegations are as follows:

> Chase Harris on 4/27/18 coer[c]ed and attempted to manipulate Darryell Ivory McKiever on a recorded sworn testimony. He also along with Jason Gropper committed conspiracy, me going pro se he never called me over to the state attorneys office to do depositions[. I]nstead he called the victim in and coer[c]ed her to testify[. H]e has been working fraud with officers in this case.

He claims that he has suffered depression, anxiety attacks, and stress. The only relief Plaintiff requests is monetary damages.

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). The Court liberally construes the pro se plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Central State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id.

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured under the Constitution or laws of the United States. See Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Moreover, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (quotations and citation omitted). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against a defendant.

Plaintiff has failed to set forth any factual allegations regarding Defendants the Office of the State Attorney, the City of Jacksonville, or the Mayor. To the extent he is attempting to hold these Defendants liable based on the theory of respondeat superior, the Eleventh Circuit has rejected this theory of liability in § 1983 cases. See Keith v. DeKalb Cty., Ga., 749 F.3d 1034, 1047 (11th Cir. 2014) (citing Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)). Thus, all claims against these Defendants are due to be dismissed.

Insofar as Plaintiff seeks money damages against Defendant Harris, the assistant state attorney currently prosecuting Plaintiff in state court, his claims are likewise due to be dismissed.[1] Prosecutors are "entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case." Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999); Fullman v. Graddick, 739 F.2d 553, 558-59 (11th Cir. 1984)). As such, Plaintiff cannot recover monetary damages from Defendant Harris for actions he took or is taking as a prosecutor in Plaintiff's state court criminal case. The only relief requested against Defendant Harris is monetary damages; thus, the claims against him are due to be dismissed.

Finally, to the extent Plaintiff is attempting to have this Court interfere with his ongoing state court criminal case, this Court will abstain from doing so. Plaintiff may address his concerns with the state court by filing an appropriate motion in that court or voicing his concerns at a scheduled hearing.

In sum, this case is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Accordingly, it is

**ORDERED**:

1.  This case is **DISMISSED WITHOUT PREJUDICE**.

---

[1] See State of Florida v. Duhart, 16-2017-CF-010307-AXXX-MA (Fla. 4th Cir. Ct.). The state court's docket shows that Plaintiff is charged with attempted murder in the second degree; shooting or throwing deadly missiles; possession of a firearm by a convicted felon; and carrying a concealed firearm. Defendant Harris is assigned as the prosecutor, and Plaintiff is representing himself. The case is ongoing.

2. The Clerk shall enter judgment dismissing this case without prejudice and terminate any pending motions. The Clerk shall thereafter close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of May, 2018.

_____
TIMOTHY J. CORRIGAN
United States District Judge

JAX-3 5/24
c:
Rahien Jamaica Duhart